Matter of Lovett (2021 NY Slip Op 01414)





Matter of Lovett


2021 NY Slip Op 01414


Decided on March 10, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2020-04631

[*1]In the Matter of Jonathan Lovett, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Jonathan Lovett, respondent. (Attorney Registration No. 1058726)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 15, 1972.



Gary L. Casella, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.
Jonathan Lovett, Somers, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
On June 18, 2020, the Grievance Committee for the Ninth Judicial District served the respondent with a notice of petition dated June 11, 2020, and a verified petition dated June 10, 2020, and duly filed those papers with this Court together with an affidavit of service. The petition contains one charge, which alleges that the respondent failed to cooperate with the Grievance Committee's investigation of a complaint of professional misconduct, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The notice of petition directed the respondent to serve and file his answer to the petition within 20 days after service upon him of the notice of petition and the petition. To date, the respondent has neither served nor filed an answer to the petition, as directed.
The Grievance Committee now moves to deem the charge against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent on July 16, 2020, he has neither opposed this motion nor interposed any other response thereto. By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(1) and (3), upon a finding that he is guilty of professional misconduct immediately threatening the public interest.
Accordingly, the Grievance Committee's motion to deem the charge in the petition dated June 10, 2020, established is granted, the charge in the petition is deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's separate motion, inter alia, to immediately suspend the respondent from the practice of law is denied as academic.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charge in the petition dated June 10, 2020, established is granted, and the Grievance Committee's separate motion, inter alia, to immediately suspend the respondent, Jonathan Lovett, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jonathan Lovett, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Jonathan Lovett, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Jonathan Lovett, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jonathan Lovett, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court